**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LOUIS C. BROWN                                                                                          PLAINTIFF

v.                                            No. 4:08CV01138 JLH

UNION PACIFIC RAILROAD COMPANY                                                      DEFENDANT

<u>**ORDER**</u>

Three motions related to expert witnesses are pending before the Court. The parties requested a hearing as to some of the motions, and the Court scheduled a hearing. Plaintiff's counsel, however, had a conflict with that date, so the hearing was continued. In looking at the Court's calendar, there does not appear to be an opportunity before trial to conduct a hearing. Moreover, in reviewing the papers, it does not appear to the Court that a hearing is really necessary. Therefore, the Court will rule on the pending motions based upon the moving papers.

The first pending motion is the motion by Union Pacific for discovery sanctions. Before the deposition of plaintiff's ergonomist, Dr. Robert O. Andres, Union Pacific sought information regarding compensation that Dr. Andres has received from FELA plaintiffs so as to impeach him based on bias. The Court ordered Dr. Andres to produce either the 1099s or spreadsheet information so that Union Pacific could impeach him by showing the compensation that he has received from FELA plaintiffs. Union Pacific has contended that Dr. Andres's information provided in response to the court order is inadequate and therefore has moved for sanctions. It appears that Dr. Andres has provided information on FELA fees that he has received for the years 2005 through 2008. That amount totals $1,398,513. Dr. Andres has testified that his work is primarily on behalf of plaintiffs

and approximately 60-80% of that is for railroad plaintiffs.  Therefore, the plaintiff complied with the Court's order.  The motion for sanctions is DENIED.  Document #36.

The next motion is the motion by the plaintiff to strike the defendant's expert, Dr. Earl Peoples.  The motion to strike argues that Dr. Peoples is not qualified to render an opinion on the matters about which he will testify, and that his testimony does not meet the reliability standards of the Federal Rules of Evidence as interpreted by the United States Supreme Court, and that his opinions would not assist the jury in resolving any fact issues.

The use of expert evidence in federal court is governed by Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the court must ensure that a proffered expert is qualified by his knowledge, skill, experience, training, or education before that person may testify as an expert. Besides examining a proffered expert's qualifications, the Supreme Court stated in *Daubert* that the trial judge also has a gatekeeping responsibility to ensure that expert evidence is both relevant and reliable before admitting it.  *Daubert*, 509 U.S. at 589, 113 S. Ct. at 2795; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171, 143 L. Ed. 2d 238 (1999).  Regarding relevancy, the Supreme Court stated that Rule 702 requires the proffered expert testimony to relate to an issue in the case and also to be sufficiently tied to the facts of the case, *i.e.*, that the expert testimony "fit."  *Daubert*, 509 U.S.

at 591, 113 S. Ct. at 2795-96; *see also Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 694 (8th Cir. 2001). As to reliability, the Supreme Court stated that the inquiry envisioned by Rule 702 is a "flexible one." *Daubert*, 509 U.S. at 594, 113 S. Ct. at 2797. The inquiry should focus on the principles and methodology the expert uses and not on the conclusions generated. *Id*. at 595, 113 S. Ct. at 2797. The *Daubert* court gave four factors that should guide a district court's analysis: (1) whether the theory can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) in the case of a particular scientific technique, what the known or potential rate of error is and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory has received "general acceptance" in the relevant scientific community. *Id*. at 593-94, 113 S. Ct. at 2796-97. The Court noted that many factors will bear on the inquiry and that the four factors given above should not be taken as a "definitive checklist or test." *Id*. at 593, 113 S. Ct. at 2796; *Kumho Tire*, 526 U.S. at 141-42, 119 S. Ct. at 1171. In addition to the four factors explicitly listed by the Supreme Court in *Daubert*, courts after *Daubert* have noted additional relevant factors, including "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Lauzon*, 270 F.3d at 687 (citing cases).

The trial court's role is not to determine whether an expert's opinion is correct; it is an expert witness's methodology, rather than his conclusions, that is the primary concern of Rule 702. *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001). " '[E]ven if the judge believes there are better grounds for some alternative conclusion, and that there are some flaws in the scientist's methods, if there are good grounds for the expert's conclusion it should be admitted . . . .' " *Id*. (quoting

*Heller v. Shaw Indus.*, 167 F.3d 146, 152-53 (3d Cir. 1999)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596, 113 S. Ct. at 2798.

Dr. Peoples has provided an affidavit in which he has stated the bases for his opinions in this case. Based on his affidavit, Dr. Peoples's testimony appears to meet the standards of the Federal Rules of Evidence as construed by the Supreme Court. The plaintiff's criticisms of Dr. Peoples can be the subject of cross-examination. The Court, however, believes that Dr. Peoples's testimony is admissible. The motion to strike Earl Peoples is DENIED. Document #39.

The third motion is a motion by Union Pacific to strike causation opinion of Dr. Robert Abraham. Dr. Abraham was the plaintiff's treating physician. He did not provide an expert report but was asked during his deposition as to his opinion regarding causation. Union Pacific contends that his opinion regarding causation should be excluded because he failed to provide an expert report as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure and because his testimony fails to meet the standard of the Federal Rules of Evidence as construed by the Supreme Court. Although it is true that Dr. Abraham should have provided an expert report if he were going to give an opinion as to causation, it is apparent from the record that Union Pacific has not been prejudiced and in fact is prepared to meet Dr. Abraham's testimony at trial. Indeed, Union Pacific has engaged Dr. Earl Peoples to testify about causation, so there is no prejudice to Union Pacific in allowing Dr. Abraham to give an opinion as to causation even though he failed to provide an expert report. The failure of Dr. Abraham to submit an expert report is harmless, so the Court will not strike Dr. Abraham's testimony on causation because of the failure to submit that report. FED. R. CIV. P. 37(c)(1). As to

the issue of reliability, Dr. Abraham's testimony, like that of Dr. Peoples, appears to meet the standards of the Federal Rules of Evidence as construed by the Supreme Court. Therefore, the motion to strike the causation opinion of Dr. Robert Abraham is DENIED. Document #34.

IT IS SO ORDERED this 20th day of January, 2010.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE